UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LISA PELHAM; ASHLY PELHAM; MIRANDA PELHAM, | No. 3:13-cv-01233-HU |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Jason M. Gore
Email: jgore@msmlegal.com
MacMillan, Scholz & Marks, P.C.
900 S.W. Fifth Avenue, Suite 1800
Portland, OR 97204
Telephone: (503) 224-2165
Facsimile: (503) 224-0348

      Attorney for Plaintiffs

S. Amanda Marshall
United States Attorney
District of Oregon
Kevin Danielson
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1025
Facsimile: (503) 727-1117

      Attorneys for Defendant

Page 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Acting through its insureds, Lisa Pelham and her two children, Ashly and Miranda Pelham (collectively "the Pelhams"), USAA Insurance Company ("USAA") brought this subrogation action against the United States of America ("the Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, seeking, among other things, to recover $3,681.60 in personal injury protection ("PIP") benefits it paid to the Pelhams as a result of a collision with a United States Postal Service ("USPS") truck in the summer of 2010. The Government now moves, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), to dismiss the Pelhams' complaint for lack of subject matter jurisdiction.

Enacted in 1946, the FTCA waives the Government's sovereign immunity with respect to tortious conduct of federal employees, subject to certain enumerated exceptions. *See Levin v. United States*, 133 S. Ct. 1224, 1227-28 (2013); *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013). The Government argues that the present action is not permitted by the FTCA's limited waiver of sovereign immunity because the Pelhams accepted administrative settlements in late October 2013. *See* 28 U.S.C. § 2672 (granting agencies authority to settle claims "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with [state law]," and noting that "[a]cceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive . . . and shall constitute a complete release of any claim against the United States").

Page 2 - FINDINGS AND RECOMMENDATION

When confronted with a scenario closely resembling the situation presented here, Judge Simon granted the Government's motion to dismiss the insured's complaint for lack of subject matter jurisdiction. *See Stevens v. United States*, No. 3:11-cv-01207-SI, 2012 WL 1314187, at *4 (D. Or. Apr. 17, 2012) ("[B]ecause [the insurer] is suing in [the insured]'s name, it has no recourse: [the insured] may not bring further claims against the United States [in light of the settlement under § 2672]. This court is, therefore, without jurisdiction"). As discussed further below, the Court agrees with Judge Simon's reasoning in *Stevens* and, therefore, recommends that the Government's motion (Docket No. 11) to dismiss be granted.

## I. FACTS AND PROCEDURAL HISTORY

On August 24, 2010, while driving near the interchange of Interstate 405 and United States Highway 26 in Portland, Oregon, the Pelhams were injured when a USPS employee driving a postal service truck collided with their vehicle. (First Am. Compl. ¶¶ 2-3; Taylor Decl. Ex. 1 at 1.) Lisa Pelham was driving a 1997 Chrysler Town and Country minivan, which she owned, and her two daughters were passengers. (First Am. Compl. ¶ 2.) It is alleged that the USPS employee negligently failed to maintain a proper lookout for other vehicles, failed to maintain proper control over the postal service truck, operated the postal service truck at an unreasonable speed, and followed too closely behind Lisa Pelham's minivan. (First Am. Compl. ¶ 4.)

Because the accident occurred while the USPS employee was driving a government-owned vehicle in the course and scope of his or her employment (First Am. Compl. ¶¶ 2-3), the USPS employee's

Page 3 - FINDINGS AND RECOMMENDATION

allegedly negligent conduct is imputed to the Government and the USPS, *see Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). The Government would therefore bear all liability for the USPS employee's alleged negligence. *See id.*

As a result of the accident, Ashly and Miranda Pelham suffered injuries to their necks and back, and Lisa Pelham suffered injuries to her neck, back, elbow, forearm, and shoulder. (First Am. Compl. ¶¶ 5-7.) Pursuant to Oregon's no-fault statute and its own policy, USAA paid basic PIP benefits of $3,681.60 to the Pelhams for medical expenses incurred as a result of the accident on August 24, 2010.[1] *See generally State Farm Mut. Auto. Ins. Co. v. Hale,* 215 Or. App 19, 24 (2007); OR. REV. STAT. § 742.520.

Sometime thereafter, USAA, as the Pelhams' subrogee, filed an administrative claim with the USPS in an attempt to recover the PIP benefits it paid to the Pelhams. (Gore Decl. ¶¶ 4-6.) By letter dated August 13, 2012, the USPS rejected the administrative claim and informed USAA that it had six months to file a lawsuit in federal district court or, alternatively, to file a written request for reconsideration with the postal official who issued the final denial of the claim.[2] (Gore Decl. Ex. 1 at 1-2.) Ten days later,

---

[1] Lisa Pelham is a resident of Washington County, Oregon. (Civil Cover Sheet at 1; Gore Decl. Ex. 2 at 1.) "At all material times, USAA . . . provided personal injury protection coverage under a policy of motor vehicle liability insurance to [the Pelhams]. USAA paid personal injury protection benefits . . . in the amount of $3,681.60 for [the Pelhams]' reasonable and necessary medical expenses." (Gore Decl. ¶¶ 2-3; *see also* First Am. Compl. ¶¶ 5-7; Gore Decl. Ex. 2 at 1.)

[2] The August 13, 2012 letter sent by the USPS refers to the claimant as Salesh Mishra and indicates that USAA sought to recover $4,125.23 in PIP benefits. (Gore Decl. Ex. 1 at 1.) The original complaint in this case, filed on July 22, 2013, sought to recover

acting through the Pelhams and Mickey Mishra, USAA filed an FTCA action against the Government in the United States District Court for the District of Oregon, and the case was assigned to Judge Simon.[3] (Gore Decl. ¶ 8.)

On October 26, 2012, after receiving assurances from the Government regarding a potential statute of limitations defense, USAA filed a stipulated motion to dismiss the FTCA action without prejudice. (Gore Decl. ¶¶ 9-11.) Judge Simon signed and entered the stipulated general judgment of dismissal without prejudice three days later, on October 29, 2012. *See* FED. R. CIV. P. 41(a)(1)(A)(ii) (explaining that the plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared).

According to USAA's counsel, the Government requested that the FTCA action be dismissed because it had not formally accepted or denied USAA's administrative claim. (Gore Decl. ¶ 9.) It's not clear whether USAA amended its claim or filed a request for reconsideration on August 23, 2012—the same day the original FTCA action was filed and one day prior to the two-year anniversary of

---

$4,125.23 in accident-related PIP benefits, including $443.61 paid by USAA on behalf of a passenger in Lisa Pelham's vehicle by the name of Mickey Mishra. (Compl. ¶¶ 2-3, 5-8.) When USAA filed an amended complaint on December 16, 2013, Mickey Mishra was no longer a named plaintiff and USAA no longer sought the $443.61 in benefits it paid on her behalf. (First Am. Compl. ¶¶ 2-3, 5-7.)

[3] The Court takes notice of filings from the case assigned to Judge Simon, even though the parties have not specifically asked the Court do so. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that judicial notice of court filings and other matters of public record is proper); FED. R. EVID. 201(c)(2) (explaining that a court may take judicial notice on its own).

the Pelhams' accident—either of which would seem to explain why the Government said it had until February 23, 2013 to accept or deny the administrative claim.[4]    *See* 28 U.S.C. § 2675(a) (administrative exhaustion requirement permitting claimants to file suit at their option at "any time" if six months have passed without final agency action on a claim); 39 C.F.R. § 912.9(b) (explaining that the agency has six months to consider a request for reconsideration and the clamant's options under § 2675(a) will not accrue until six months after the filing of the request); 28 C.F.R. § 14.2(c) (stating the same as § 921.9(b) with respect to amendments to an administrative claim).

After not receiving any response from the Government at any time prior to February 23, 2013, USAA re-filed its FTCA complaint on July 22, 2013, and the case was assigned to this Court.  Several months later, on October 21, 2013, USAA's counsel filed an unopposed motion to stay the proceedings for a period of four months, upon being notified that Lisa Pelham was "filing, or ha[d] filed, her own [administrative claim] with [the USPS]."  (Pls.' Unopposed Mot. Stay at 2.)  Oregon law required that Lisa Pelham provide such notice to USAA.  *See* OR. REV. STAT. § 742.536(1) ("When a liability insurer has furnished [PIP] benefits . . . for a person injured in a motor vehicle accident, if such injured person makes

---

[4] Section 2401(b) "sets a two-year deadline within which a claimant must present his claim 'to the appropriate Federal agency . . . after such claim accrues.'"  *Kwai v. Fun Wong v. Beebe*, 732 F.3d 1030, 1033 (9th Cir. 2013) (citation omitted).  Section 2401(b) "also establishes a second limitations period—that '[a] tort claim against the United States shall be forever barred unless action is begun within six months after the final denial of the claim by the agency to which it was presented.'"  *Id*. (citation and ellipses omitted)

Page 6 - FINDINGS AND RECOMMENDATION

1  claim, or institutes legal action, for damages for such injuries
2  against any person, such injured person shall give notice of such
3  claim or legal action to the insurer").

4      Four days later, on October 25, 2013, Lisa Pelham signed
5  separate written § 2672 settlement agreements on behalf of herself
6  and her two minor children, Ashly and Miranda Pelham.   (Taylor
7  Decl. ¶ 3, Ex. 1 at 1-14.)   The Pelhams received a combined total
8  of $20,000 in exchange for releasing any and all accident-related
9  claims against the Government.   (Taylor Decl. Ex. 1 at 1, 5, 10.)
10 On December 4, 2013, the Court denied USAA's unopposed motion to
11 stay proceedings during a telephone status conference.   Twelve days
12 later, USAA filed its amended complaint excluding any reference to
13 Mickey Mishra and the PIP benefits paid on her behalf.    The
14 Government's Rule 12(b)(1) motion to dismiss for lack of subject
15 matter jurisdiction followed shortly thereafter on January 9, 2014.

16                       **II. LEGAL STANDARD**

17     "A Rule 12(b)(1) jurisdictional challenge may be facial or
18 factual." *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir.
19 2013).   The jurisdictional challenge is factual where the moving
20 party "'relie[s] on extrinsic evidence and d[oe] not assert [a]
21 lack of subject matter jurisdiction solely on the basis of the
22 pleadings." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039
23 (9th Cir. 2004) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924
24 n.5 (11th Cir. 2003)).

25     In resolving a factual challenge on jurisdiction, "the
26 district court may review evidence beyond the complaint without
27 converting the motion to dismiss into a motion for summary
28 judgment."   *Id.*   The district court need not presume the
Page 7 - FINDINGS AND RECOMMENDATION

truthfulness of the plaintiff's allegations. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

### III. DISCUSSION

### A.    Extrinsic Evidence

The Government relies on extrinsic evidence and correctly notes that its making a factual challenge on jurisdiction. At one point in its response brief, USAA disputes whether the Court may consider extrinsic evidence at this stage in the proceedings, arguing that the Government is using a Rule 12(b)(1) jurisdictional challenge as a backdoor motion for summary judgment. USAA's argument is belied by the case law. *See, e.g., Stevens*, 2012 WL 1314187, at *1-2 (considering extrinsic evidence in the same context). It is also belied by the facts that USAA has furnished its own extrinsic evidence and cites *Roberts v. Corothers*, 812 F.2d 1173, 1177 (9th Cir. 1987), for the proposition that, "[w]here the attack is factual, the court may consider evidence presented on the jurisdictional issue and resolve factual disputes, if necessary." (Resp. Mot. Dismiss at 3-4.) The Government is making a factual challenge on jurisdiction and the extrinsic evidence submitted by both parties will be considered by the Court.

### B.    Subject Matter Jurisdiction

There is no dispute in this case that the Pelhams accepted settlements from the Government for their injuries resulting from

Page 8 - FINDINGS AND RECOMMENDATION

the accident on August 24, 2010. Such an acceptance is considered "final and conclusive" and "constitute[s] a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2672; *see also Stevens*, 2012 WL 1314187, at *2 ("claimant who accepted a check from United States 'may not now pursue the claim in court under the FTCA'" (citing *Clark v. United States*, 978 F.2d 1265 (9th Cir. 1992) (unpublished)).

USAA nevertheless attempts to bring this subrogation action under the FTCA in the named of its insureds, relying on Oregon law. *See generally Wanjala v. United States*, No. 10-486-AC, 2011 WL 4498826, at *4 (D. Or. July 22, 2011) ("In order for the [district] court to have subject matter jurisdiction, the United States must be analogized to a tortfeasor governed by the laws of Oregon"). There are three methods for recouping PIP benefits under Oregon law, only two of which are relevant here.[5] *See Stevens*, 2012 WL 1314187, at *3 (making an analogous observation).

When the insured makes claim or institutes legal action for damages against the tortfeasor, ORS 742.536 allows the insurer to attach a lien to any recovery by the insured for the amount of PIP benefits provided, as long as the insurer has not sought reimbursement under ORS 742.534, the interinsurer reimbursement statute. *See Wanjala,* 2011 WL 4498826, at *4; *see also Stevens*,

---

[5] Under ORS 742.534, every authorized motor vehicle liability insurance provider whose insured is or could potentially be held liable for injuries to another party is required to reimburse the injured party's insurer for PIP benefits paid by that insurer to the injured person. Because the Government is not an insurer entitled to seek direct or interinsurer reimbursement, this provision is not applicable.

Page 9 - FINDINGS AND RECOMMENDATION

2012 WL 1314187, at *3 (noting that ORS 742.536 is known as the "PIP lien statute"). When the insurer elects not to follow the procedure in the PIP lien statute, ORS 742.538 allows the insurer to bring an action in the name of its insured to recover the PIP benefits furnished. *See* OR. REV. STAT. § 742.538(4); *see also Stevens*, 2012 WL 1314187, at *3 (noting that ORS 742.538(4) is known as the PIP subrogation statute).

As in *Stevens*, USAA's counsel elected to follow the PIP subrogation statute and seek reimbursement for the PIP benefits paid by asserting a claim against the Governments in the Pelhams' name. In rejecting virtually the same arguments as those offered by USAA's counsel in this case, Judge Simon stated:

> [T]he effect, scope, and limits of a settlement made pursuant to 28 U.S.C. § 2672 is a matter of federal law with respect to the settling party. . . . After examining the text of 28 U.S.C. § 2672, the Ninth Circuit [once] held that as a matter of federal law . . . an administrative settlement reached pursuant to [28 U.S.C. §] 2672 bars further claims by the settling party, without regard to the effect it would have as a matter of state law. . . . [F]ederal law [therefore] controls the legal effect of a settlement on the settling party, regardless of state law.
>
> In the present case, under 28 U.S.C. § 2672, Ms. Stevens' settlement with the United States foreclosed all future claims in her name, regardless of Oregon law. As such, it does not matter that, under the PIP subrogation statute and Oregon subrogation case law, a settlement ordinarily might not extinguish a subrogee insurer's right to recover from the tortfeasor. [The Ninth Circuit has held] that 28 U.S.C. § 2672 overrides Oregon law and prohibits further action in Ms. Stevens' name . . . . Had State Farm brought this action in its own name, . . . the court would look to state law to determine the effect, scope, and limits of Ms. Stevens' settlement. In the present posture, however, because State Farm is suing in Ms. Stevens' name, it has no recourse: Ms. Stevens' may not bring further claims against the United States. This court is, therefore, without jurisdiction.

*Id.* at *4 (internal citations, quotation marks, brackets and footnote omitted).

The Court has been presented with no arguments that lead it to question the legal soundness of Judge Simon's decision in *Stevens*. While Judge Simon felt it was a "harsh result" for the insurer—who was represented by USAA's counsel—he also took the time to note that the insurer was "not without options," and in future cases, could "use the PIP lien statute to recover PIP benefits payments made to its insureds after accidents in which the United States is the tortfeasor." *Id.* at n.7. The unopposed motion to stay proceedings, filed on October 21, 2013, indicated that USAA's counsel had been notified that Lisa Pelham was "filing, or ha[d] filed, her own [administrative claim] with [the USPS]," and that USAA's counsel was "exploring" the alternative option of filing a lien.

It seems clear, then, that USAA at least had the option of electing to seek reimbursement out of the Pelhams' recovery by serving written notice to the insureds and the tortfeasor within thirty days "from the receipt of *notice* or knowledge *of such claim* or legal action." OR. REV. STAT. § 742.536(2) (emphasis added). In *Wanjala*, for example, Judge Acosta noted that the insured was pursuing, through a Form 95 submitted to the USPS, a separate claim for personal injury, lost wages, and pain and suffering.[6] *Wanjala*,

---

[6] "A Standard Form 95 is the form used to submit a claim against a federal agency under the Federal Tort Claims Act for personal property damage or loss, personal injury, or wrongful death caused by the negligent acts of a federal government employee." *St. Bernard Parish Gov't v. United States*, 99 Fed. Cl. 765, 768 n.5 (Fed. Cl. 2011)

Page 11 - FINDINGS AND RECOMMENDATION

2011 WL 4498826, at *5.  As such, the insurer "ha[d] the option of attaching a lien to any recovery on that claim under [ORS] 742.536." *Id.*

In short, the Court agrees with the Government that the Court is without jurisdiction.  Accordingly, the Government's motion to dismiss should be granted.

## C.   Leave to Amend

During the hearing held on the pending motion, USAA's counsel sought leave to amend the complaint in order to substitute USAA as the named plaintiff in place of the Pelhams, and the Court allowed USAA's counsel to submit a supplemental brief on the matter.  In his supplemental brief, USAA's counsel argues that the Court should allow USAA to bring a claim, in its own name, under ORS 742.538 to recover PIP benefits from the Government.  USAA's counsel emphasizes that "[w]hile it is true that there is nothing in ORS 742.538 that explicitly authorizes an insurance company to bring an action in its own name, there is likewise nothing that precludes that." (Pls.' Supp. Resp. at 3.) USAA's counsel goes on to note that a contrary holding would be akin to permitting "a wrongdoer and an insured to perpetrate the equivalent of fraud upon an insurer," leaving the insurer without a remedy.[7]  (Pls.' Supp. Resp. at 5.)

The Court is not persuaded by USAA's counsel's arguments in light of the Oregon legislature's expressed intent not to allow two actions to be brought on the same claim in contravention of

---

[7] As discussed above, USAA was not left without a remedy; rather, it appears that USAA voluntarily chose not to pursue the option of attaching a lien to the Pelhams' recovery.

established common-law rules against claim splitting.   As the

Oregon Court of Appeals explained in *Wynia v. Fick*, 162 Or. App.

365 (1999):

> Our reading of the text of the relevant statutes and our
> analysis of the legislative history lead us to conclude
> that the legislature did not intend for ORS 742.538 to
> allow two actions to be brought on the same claim in
> contravention of established common-law rules against
> claim splitting.  Although the statutory scheme allows a
> PIP provider a number of means by which to recover
> benefits paid out, the fact that a provider has options
> does not, in itself, subvert established principles of
> law.

*Id*. at 373; *see also Wanjala*, 2011 WL 4498826, at *5 ("Substitution

of State Farm as plaintiff would allow two causes of action on the

same claim.  [ORS] 742.538 was intended as a means of recovery when

the injured declined to file suit and the insurance provider had no

other means to recoup the PIP payments. State Farm is not in that

position. . . .  Substitution would not cure the jurisdictional

defects or allow State Farm to maintain this action under Oregon

law.").

    The oral motion for leave to amend the complaint should be

denied and this action should be dismissed with prejudice, in

accordance with Judge Simon's decision *Stevens*.

### IV. CONCLUSION

    For the reasons stated, the Government's motion (Docket No.

11) to dismiss should be granted and this action should be

dismissed with prejudice.

### V. SCHEDULING ORDER

    The Findings and Recommendation will be referred to a district

judge.  Objections, if any, are due **July 11, 2014.**  If no

objections are filed, then the Findings and Recommendation will go

Page 13 - FINDINGS AND RECOMMENDATION

under advisement on that date.   If objections are filed, then a response is due **July 28, 2014.**   When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  23rd  day of June, 2014.

/s/ Dennis J. Hubel
_____
                DENNIS J. HUBEL
        United States Magistrate Judge

Page 14 - FINDINGS AND RECOMMENDATION